Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| JUAN MORALES FONTÁNEZ<br><br>*Recurrente*<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>*Recurrido* | KLRA202400703 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Querella Núm.: 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<br><br>Sobre: Incidente Disciplinario |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de febrero de 2025.

Comparece ante nos, el Sr. Juan Morales Fontánez (señor Morales o recurrente), por derecho propio y en forma *pauperis*, mediante el recurso de epígrafe presentado el 9 de diciembre de 2024.

Por los fundamentos que exponemos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

**I.**

Según surge del expediente, el señor Morales se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR) en el Complejo Correccional de Guayama Anexo 500.

Este caso surge a consecuencia de un *Informe de Querella de Incidente Disciplinario*, Número 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, presentado el 9 de agosto de 2024, por la Oficial de Custodia Angélica M. De Jesús Lebrón ante el DCR, y notificado al señor Morales el 12 de agosto de 2024. En el mismo, se le imputa al señor Morales ciertos actos sancionables ocurridos el 7 de agosto de 2024, a saber: (1) desobedecer una orden directa; (2) no mantener el código de

Número Identificador

SEN2025_____

vestimenta, higiene o apariencia personal, y (3) exposiciones deshonestas. Además, la Oficial de Custodia expuso que, al momento de los actos imputados, el recurrente se mostró negativo, hostil y desafiante.

Así las cosas, el 24 de septiembre de 2024, el DCR emitió la *Resolución* de la mencionada querella, en la cual el Oficial Examinador encontró causa solo para los primeros dos actos imputados y se dejó sin efecto la imputación por exposiciones deshonestas. La copia de la *Resolución* se le entregó al señor Morales el 1 de octubre de 2024. En esta, se le ordenó cumplir consecutivamente con cualquier otra sanción o medida de seguridad que se encuentre consumando, tales como lo siguiente: "Suspensión del privilegio de la comisaría (excepto artículos de higiene personal), recreación activa, visita, actividades especiales y cualquier otro privilegio que se le conceda en la institución por el periodo de cuarenta (40) días calendarios".

Inconforme con la determinación, el 3 de octubre de 2024, el señor Morales solicitó reconsideración de la *Resolución*. Arguyó que no se le notificó oportunamente la querella inicial. Sin embargo, esta solicitud no fue atendida por el DCR.

Insatisfecho aún, el 9 de diciembre de 2024, el señor Morales acudió ante este tribunal mediante un recurso de revisión judicial para que dejemos sin efecto la *Resolución* emitida por el DCR. Argumentó que no se siguió el procedimiento establecido en el Reglamento Núm. 9221 de 8 de octubre de 2020 del DCR, (Reglamento 9221), el cual exige, entre otras cosas, que: (1) el querellante presente su querella dentro de dos días laborables en que advenga en conocimiento de los incidentes, y (2) que se le notifique al querellado dentro de dos días laborables siguientes a la presentación de la querella.

Posteriormente, el 15 de enero de 2025, y en aras de auscultar nuestra jurisdicción, este tribunal emitió una *Resolución* en la cual solicitó al DCR, por conducto de la Oficina del Procurador General de Puerto Rico (Procurador), certificar ciertas fechas concernientes a la presentación y notificación de los escritos pertinentes al tracto procesal del caso. La misma fue cumplida por el DCR el 27 de enero de 2025 y las fechas necesarias para auscultar nuestra jurisdicción fueron certificadas.

Luego de evaluar el escrito presentado por el señor Morales, así como los documentos unidos al mismo, prescindimos de la comparecencia de la parte recurrida.

**II.**

**-A-**

La Ley Núm. 38-2017, conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (en adelante, LPAUG)[1], define el ámbito de la **revisión judicial**. En la Sección 4.2, expresamente dispone que:

> **Una parte adversamente afectada por una orden o resolución final de una agencia** y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente **podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**[2].

La presentación de la revisión judicial dentro del término de los treinta (30) días como exige la ley es un **requisito jurisdiccional**, sin el cual este Tribunal de Apelaciones no podrá obtener jurisdicción sobre la controversia.

---

[1] 3 LPRA secs. 9672.
[2] *Íd.*, sec. 9672.

A su vez, la Sección 3.15 de la LPAUG[3] contiene lo relevante a una solicitud de **reconsideración** ante las determinaciones de las agencias como el DCR. En lo pertinente, dispone la Sección 3.15 lo siguiente:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. **La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla**. **Si la rechazare de plano <u>o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente</u> desde que se notifique dicha denegatoria <u>o desde que expiren esos quince (15) días</u>, según sea el caso**[4].

**-B-**

El Tribunal Supremo de Puerto Rico ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto de su jurisdicción sobre la controversia. Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción[5].

Por definición, **un requisito <u>jurisdiccional</u> es aquel que debe cumplirse antes de que el tribunal pueda conocer del pleito. En particular, un término jurisdiccional es fatal, improrrogable e insubsanable, por lo que no puede acortar ni extender**. **Asimismo, hemos expresado que el incumplimiento de una parte con un término jurisdiccional establecido por ley priva al tribunal de jurisdicción para atender los méritos de la controversia**[6].

---

[3] 3 LPRA secc. 9655.
[4] *Íd*, sec. 9655.
[5] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267-268 (2018).
[6] *Íd*, págs. 268-269.

**Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, ya que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".** Esto ocurre debido a que su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento o instante en el tiempo todavía no ha nacido autoridad judicial o administrativa para acogerlo[7].

Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. **De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos.**

### III.

Aquí, debemos desestimar el recurso presentado por el recurrente, toda vez que carecemos de jurisdicción para atenderlo en sus méritos. Esto, por la razón de que el recurso de revisión judicial fue presentado tardíamente. Veamos.

La *Resolución* del DCR sancionando al recurrente se emitió el 24 de septiembre de 2024 y se le notificó el 1 de octubre de 2024.

El **3 de octubre de 2024** el señor Morales solicitó **reconsideración** de la *Resolución*, de manera que interrumpió el término para recurrir en revisión judicial ante este foro. Bajo la ya expuesta Sección 3.15 de la LPAUG[8], el DCR tenía quince (15) días para considerar la reconsideración desde el 3 de octubre de 2024. Sin embargo, la agencia no actuó dentro del plazo de los quince (15) días, por lo cual, el término para acudir en revisión judicial se renovó al expirar dicho término. Esto es, el término de treinta (30) días para recurrir ante el Tribunal de Apelaciones comenzó a correr

---

[7] *Íd.*, pág. 269.
[8] *Íd.*

nuevamente el **19 de octubre de 2024**, luego de que expiraran los quince (15) días para que la agencia considerara la solicitud de reconsideración.

Así las cosas, el término para recurrir en revisión judicial ante este foro apelativo expiró el lunes, **18 de noviembre de 2024**. Sin embargo, el recurrente presentó su recurso de revisión judicial el **9 de diciembre de 2024**. De tal manera, el recurso es uno tardío que incumple un requisito de naturaleza jurisdiccional que, a su vez, impide que este foro adquiera jurisdicción para resolver la controversia en sus méritos.

**IV.**

Por los fundamentos que anteceden, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


                                    Lcda. Lilia M. Oquendo Solís
                                 Secretaria del Tribunal de Apelaciones